IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION


- - - - - - - - - - - - - X
UNITED STATES OF AMERICA, :
                          :
      Plaintiff,          :
                          :
vs.                       :          Case No. 3:24-cr-00013
                          :
DAVID ENRIQUE REMIGIO,    :          PLEA HEARING TRANSCRIPT
                          :
      Defendant.          :
- - - - - - - - - - - - - X


                              Courtroom, First Floor
                              U.S. Courthouse
                              131 East Fourth Street
                              Davenport, Iowa
                              Monday, August 12, 2024
                              2:52 p.m.


BEFORE:  THE HONORABLE STEPHEN B. JACKSON, JR.,
         Chief Magistrate Judge.


APPEARANCES:

For the Plaintiff:        MATTHEW A. STONE, ESQ.
                          United States Attorney's Office
                          U.S. Courthouse
                          131 East Fourth Street, Suite 310
                          Davenport, Iowa  52801


For the Defendant:        TERENCE L. McATEE, ESQ.
                          Federal Public Defender's Office
                          101 West Second Street, Suite 401
                          Davenport, Iowa  52801-1815



                  KELLI M. MULCAHY, CSR, RDR, CRR
                     United States Courthouse
                  123 East Walnut Street, Room 115
                     Des Moines, Iowa 50309

1          P R O C E E D I N G S

2          (In open court, with the defendant present.)

3          THE COURT:  Good afternoon.  This case is United States

4   of America vs. David Enrique Remigio.  This is Case No.

5   3:24-cr-13.  We're set for a change of plea hearing.  The

6   Government's represented by Assistant U.S. Attorney Matt Stone.

7   Mr. Remigio appears personally with his attorney, Terry McAtee.

8          Mr. Remigio, I'm United States Magistrate Judge Stephen

9   Jackson, Jr.  I remind you of who I am because we haven't seen

10  each other for a number of months, but importantly, I also

11  remind you of the type of judge I am.  The reason I do that is

12  because I need to be sure you know and understand your case is

13  also assigned to a district judge, and for you that's Judge

14  Stephen Locher.

15         The reason I tell you that is because you have the right to

16  have a district judge preside over any guilty plea hearing.  As

17  a magistrate judge, I can preside over this hearing, but only

18  with your voluntary consent.

19         And so, Mr. Remigio, I need to confirm, do you agree this

20  guilty plea hearing may be conducted by me?

21             THE DEFENDANT:  I agree.

22             THE COURT:  Mr. McAtee -- and did you sign a written

23  consent to allow me to conduct this hearing as well?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Mr. McAtee, did you sign the consent for

1  your client?

2          MR. McATEE:  Yes, Your Honor.

3          THE COURT:  Mr. Stone, did you sign the consent for the

4  Government?

5          MR. STONE:  Yes, Your Honor.

6          THE COURT:  Thank you.  That will be filed with our

7  clerk.

8      Even though I will conduct this guilty plea hearing, then,

9  Mr. Remigio, Judge Locher will still conduct your sentencing

10 hearing.  Do you understand that?

11         THE DEFENDANT:  I understand.

12         THE COURT:  Okay.  Make sure you speak up too.

13         THE DEFENDANT:  Sorry about that.

14         THE COURT:  That's all right.

15     Before I can recommend to Judge Locher that he accept your

16 guilty plea, I need to ask you certain questions, and your

17 answers to those questions need to be under oath.  So at this

18 time, please stand, do your best to raise your right hand, and

19 our clerk is going to place you under oath.

20          DAVID ENRIQUE REMIGIO, DEFENDANT, SWORN

21         THE DEPUTY CLERK:  Thank you.

22         THE COURT:  So, Mr. Remigio, you are now under oath.

23 You need to know that if you make any false statements, you may

24 be prosecuted for the crime of perjury and/or the crime of

25 making a false statement.  Those are two separate crimes.

1    Do you understand you are now under oath and that you are

2  required to tell the truth?

3         THE DEFENDANT:  I understand, Your Honor.

4         THE COURT:  Would you please state your full name.

5         THE DEFENDANT:  David Enrique Remigio.

6         THE COURT:  How old are you?

7         THE DEFENDANT:  I am 30.

8         THE COURT:  How far did you go in school?

9         THE DEFENDANT:  About ninth grade.

10        THE COURT:  Did you ever get a GED?

11        THE DEFENDANT:  No.

12        THE COURT:  Do you have any difficulty reading or

13 understanding the English language?

14        THE DEFENDANT:  I have undiagnosed dyslexia, so...

15        THE COURT:  And how are you with the spoken word?  Do

16 you understand that fine?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Okay.  It is important that you understand

19 everything we do here today, and so during this hearing, at any

20 time if something comes up you don't understand, or maybe you

21 don't hear something someone says, or if at any point you think

22 you need to discuss something with Mr. McAtee, if any one of

23 those things happens, will you please let me know that?

24        THE DEFENDANT:  Okay.  Yes.

25        THE COURT:  That is so important, Mr. Remigio, you have

1   permission from me to interrupt me or anyone else today.  Will
2   you do that if you need to?
3           THE DEFENDANT:  Yes, I will.
4           THE COURT:  Good.
5       First, I need to ask you some questions to make sure you're
6   able to understand your rights.
7       Have you ever suffered from depression, anxiety, or any
8   other mental illness?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Would you tell me about that, please.
11          THE DEFENDANT:  I have severe depression disorder,
12  anxiety, and PTSD.
13          THE COURT:  Are you receiving treatment for that
14  currently?
15          THE DEFENDANT:  Right now I just restarted my PTSD
16  medication.  That's about it at the moment.
17          THE COURT:  Do you believe that those conditions you've
18  described or the medications you take for them affect your
19  ability in a negative way to understand what we're talking about
20  today?
21          THE DEFENDANT:  No, Your Honor.
22          THE COURT:  Do you believe you are of clear and sound
23  mind today?
24          THE DEFENDANT:  I believe so.
25          THE COURT:  Can you make decisions today about things

1 that will have a major impact in your life?

2         THE DEFENDANT:  Yes, Your Honor.

3         THE COURT:  Such as whether to plead guilty or go to

4 trial, things like that?

5         THE DEFENDANT:  Yes, Your Honor.

6         THE COURT:  Do you have any doubt about that at all?

7         THE DEFENDANT:  No, Your Honor.

8         THE COURT:  Have you ever abused drugs or alcohol?

9         THE DEFENDANT:  No, Your Honor.

10         THE COURT:  And do you take any other prescription

11 medication, other than what you've identified so far?

12         THE DEFENDANT:  Lisinopril and amlodipine.

13         THE COURT:  Okay.  Mr. McAtee, would you move the

14 microphone closer to your client, please.

15     Thank you.

16     What do you take those for?

17         THE DEFENDANT:  My blood pressure.

18         THE COURT:  Okay.  Do those medications or the physical

19 condition you take them for affect your ability to understand

20 what we're doing here today?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  Do you know of any reason, Mr. Remigio, why

23 you would have difficulty understanding these proceedings?

24         THE DEFENDANT:  No, Your Honor.

25         THE COURT:  Mr. McAtee, do you have any reason to

1  believe that your client might not be competent to enter a

2  guilty plea?

3          MR. McATEE:  No, Your Honor.

4          THE COURT:  So, Mr. Remigio, you've been charged by

5  indictment in two counts.  Count 1 charges receipt of child

6  pornography, and Count 2 charges possession of child

7  pornography.  Have you had a chance to discuss those charges in

8  detail with your attorney?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  I've been advised that you want to change

11  your previous plea of not guilty on Count 1 and that today you

12  want to enter a plea of guilty to Count 1 of the indictment.  Is

13  that correct?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Before we go further, I need to be sure you

16  understand you are not required to enter any guilty plea today.

17  If you want, you can continue and persist in your plea of not

18  guilty on all counts and go to trial.

19          THE DEFENDANT:  I understand, Your Honor.

20          THE COURT:  Okay.  And even though you understand that,

21  do you still want to go forward and enter a plea of guilty to

22  Count 1?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Before I can recommend that Judge Locher

25  accept your guilty plea, I need to ask additional questions to

1  be sure you understand your rights.

2       First, you have the right to have a lawyer help and

3  represent you at every stage of this case.  In your case,

4  Attorney Terry McAtee has been appointed to represent you at

5  public expense.  I want to be sure that you know if you wanted

6  to maintain your plea of not guilty and go to trial on all

7  counts, Mr. McAtee would continue to represent you throughout

8  that trial at no cost to you.

9       Do you understand that?

10            THE DEFENDANT:  I understand, Your Honor.

11            THE COURT:  Do you have any questions about your right

12  to an attorney in this case?

13            THE DEFENDANT:  No.

14            THE COURT:  Are you generally satisfied with the

15  advice, services, and representation you've received from your

16  attorney in this case?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  Good.  Is there anything that you've asked

19  your attorney to do for you in this case that he's not done for

20  you?

21            THE DEFENDANT:  No, Your Honor.

22            THE COURT:  Next I'm going to talk to you about your

23  trial rights.  You have the right to a speedy and public trial

24  before a jury of 12 people selected from a cross section of the

25  community.  Both you and your attorney would help choose the

1  people who would serve on your jury.

2      Any verdict by the jury would have to be unanimous.  That

3  means all 12 jurors would have to agree to the verdict.

4      Your jurors would promise under oath to try your case

5  fairly, based only on what is submitted into evidence at the

6  trial and on the instructions given to them by Judge Locher.

7      Do you understand your right to a jury trial?

8         THE DEFENDANT:  I understand, Your Honor.

9         THE COURT:  You also have the presumption of innocence.

10  Judge Locher would tell the jury you were presumed innocent.  He

11  would tell the jury the presumption of innocence remains with

12  you unless at the end of your trial the Government's convinced

13  the jury of your guilt beyond a reasonable doubt.

14      Judge Locher would also tell the jury that the presumption

15  of innocence alone is enough for you to be found not guilty of

16  these charges.

17      Do you understand that?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  You also have something called the right to

20  confrontation.  What that means is that the Government would

21  have to call its witnesses to testify under oath here in court.

22  You would be able to see the witnesses as they testify, and they

23  would be able to see you.

24      Your attorney would not have to question the Government's

25  witnesses, but if he wanted to, he could confront them by

1　cross-examining them.

2　　　Do you understand that by pleading guilty, you're giving up

3　your right to confront witnesses?

4　　　　　THE DEFENDANT:  I understand, Your Honor.

5　　　　　THE COURT:  You also have the right to present a

6　defense.  The burden of proof remains on the Government

7　throughout the trial.  You would not have to put on a defense or

8　produce any evidence, but if you wanted to, you could present

9　any relevant evidence to the jury.

10　　　For example, you could make witnesses come to court by

11　having subpoenas served on them.  If you could not afford to pay

12　the costs necessary to serve those subpoenas or get your

13　witnesses to court, I would make the Government pay those costs.

14　　　Do you understand that by pleading guilty, you're giving up

15　your right to present any defense?

16　　　　　THE DEFENDANT:  I understand, Your Honor.

17　　　　　THE COURT:  Finally, you have the right to remain

18　silent.  You could testify at the trial if you wanted to, but

19　you would not have to.  If you decided not to testify, the

20　prosecutor would not say anything about it to the jury.  In

21　fact, Judge Locher would tell the jurors that you have a

22　constitutional right not to testify, and he would also tell them

23　they must not hold it against you if you do not testify.

24　　　Do you understand that?

25　　　　　THE DEFENDANT:  I understand it, Your Honor.

1    THE COURT:  To summarize, Mr. Remigio, if you plead

2 guilty today, you will not have a trial.  Instead, you'll be

3 judged guilty based solely on your guilty plea in the same way

4 as if a jury had returned a guilty verdict against you.

5    Do you understand that by pleading guilty, you're giving up

6 your right to a jury trial?

7    THE DEFENDANT:  Yes, Your Honor.

8    THE COURT:  I next want to talk to you about the

9 penalties which apply in your case.  On Count 1, you can be sent

10 to prison for a term of up to 20 years, and there's a mandatory

11 minimum prison sentence of at least 5 years.  Following

12 imprisonment, you can be placed on a term of supervised release

13 for up to your life, and there's a mandatory minimum term of

14 supervised release of at least five years.

15    In addition to both of those things, you can be fined up to

16 $250,000.  You will have to pay a mandatory special assessment

17 of $100 as well.  And if the Court determines you to be a

18 non-indigent person, then the Court shall impose an assessment

19 of $5,000.  The judge also has the power to order forfeiture of

20 property and restitution.

21    Do you understand the minimum and maximum penalties which

22 may be imposed in this case?

23    THE DEFENDANT:  I understand, Your Honor.

24    THE COURT:  At the time of sentencing, Judge Locher

25 performs a calculation under the federal sentencing guidelines.

1   Those are guidelines issued by the United States Sentencing

2   Commission.  That calculation results in something called an

3   advisory guideline range.  That is a range of months within

4   which the Sentencing Commission suggests you be sent to prison.

5        Judge Locher must consider this range in determining your

6   sentence, but he is not required to sentence you within the

7   range.  So long as the sentence he gives you is reasonable, he

8   can depart from the advisory guideline range based on the

9   factors listed in the sentencing guidelines or he can vary from

10  the range based on the factors listed in the sentencing

11  statutes.

12       So you could receive a sentence below or above the advisory

13  guideline range.  In fact, you could receive a sentence all the

14  way up to the maximum statutory sentence, which is 20 years in

15  prison.

16       Do you understand all of that?

17            THE DEFENDANT:  I understand, Your Honor.

18            THE COURT:  You also need to know however the guideline

19  range is calculated and regardless of whether Judge Locher

20  departs or varies from the guidelines, he cannot sentence you

21  below five years in prison, even if he wanted to, because that

22  is the statutory mandatory minimum.

23       Has anyone promised you that you'll be eligible for a

24  sentence of less than the mandatory minimum?

25            THE DEFENDANT:  No, Your Honor.

1          THE COURT:  You also need to know that you'll be in

2     custody for all of any prison sentence you receive, reduced only

3     by credit for good time you may earn.  In addition, whatever

4     sentence you do receive, you will not see a parole board or be

5     paroled out of prison because there is no parole in the federal

6     court system.

7          Do you have any questions about that?

8               THE DEFENDANT:  No, Your Honor.

9          THE COURT:  One other thing.  In addition, pursuant to

10    the AVAA, the Court shall assess as an additional assessment not

11    more than $35,000 in addition to those other assessments.

12         Do you understand that?

13              THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Mr. McAtee, have you given your client the

15    benefit of your advice as to the potential range of punishment

16    that you believe he realistically faces by pleading guilty?

17              MR. McATEE:  Yes, Your Honor.

18         THE COURT:  Mr. Remigio, you understand, however, the

19    punishment is for Judge Locher to decide, and it might be

20    different than what Mr. McAtee has predicted?

21              THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Do you also understand you cannot withdraw

23    your guilty plea simply because your sentence ends up being

24    different than what has been predicted for you?

25              THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Mr. Remigio, are you a United States

2   citizen?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Then you also need to know as a result of

5   this conviction, you'll be deprived of the right to vote, to

6   serve on a jury, to hold public office, and to possess firearms

7   and ammunition.

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Do you understand the loss of rights

10  associated with a felony conviction?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Once you've served your prison sentence,

13  you are placed on supervised release.  During that time, your

14  conduct is monitored by a probation officer.  There are a number

15  of standard conditions of supervised release.  Those include

16  that you cannot commit federal, state, or local crimes; nor can

17  you possess firearms, ammunition, or illegal controlled

18  substances.  Judge Locher can also impose additional special

19  conditions.

20      If you violate any of the conditions of your supervised

21  release, it can be revoked, and you can be required to serve up

22  to an additional two years in prison without credit for time

23  previously served.

24      Do you understand that?

25         THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  You also need to know as a result of this

2 conviction, you'll be required to register as a sex offender

3 with the national registry of sex offenders.  You also will

4 likely be required to register as a sex offender under the laws

5 of the state where you live.  These requirements for

6 registration may be imposed on you for the rest of your life.

7    Do you understand that?

8    THE DEFENDANT:  Yes, Your Honor.

9    THE COURT:  Mr. Stone, has the Government complied with

10 the applicable requirements of the Crime Victims Rights Act in

11 this case?

12    MR. STONE:  Yes, Your Honor.

13    THE COURT:  You also need to know, Mr. Remigio, for

14 restitution, the Court shall order as restitution the full

15 amount of the victims' losses incurred or reasonably projected

16 to be incurred, but in no event shall that be less than $3,000

17 per victim.  Do you understand that as well?

18    THE DEFENDANT:  Yes, Your Honor.

19    THE COURT:  Mr. Stone, are there any other collateral

20 consequences to this guilty plea that we need to discuss today

21 with Mr. Remigio?

22    MR. STONE:  No, Your Honor.

23    THE COURT:  Are you aware of any, Mr. McAtee?

24    MR. McATEE:  No, Your Honor.

25    THE COURT:  Before I can recommend Judge Locher accept

1  your guilty plea, Mr. Remigio, I need to establish that there

2  are facts that support a conviction in this case.

3      Count 1 of the indictment charges you with the receipt of

4  child pornography.  I'm going to ask Mr. Stone to recite to you

5  the elements of that charge that the Government must prove

6  beyond a reasonable doubt in order for you to be convicted.

7      Mr. Stone.

8          MR. STONE:  Thank you, Your Honor.

9      There are three elements the Government has to prove beyond

10  a reasonable doubt.  First, on or between April 16th, 2022, and

11  November 15th, 2022, the defendant knowingly received images and

12  videos that contained multiple depictions of child pornography;

13  second, Defendant knew that the visual depictions were of a

14  minor engaging in sexually explicit conduct; and, third, the

15  material contained -- the material containing the visual

16  depictions were transported by a computer or cellular phone in

17  interstate or foreign commerce.

18          THE COURT:  In addition, the Government must prove some

19  or all of this occurred in the Southern District of Iowa.  All

20  of the elements must be proven beyond a reasonable doubt.

21      Mr. McAtee, is that an accurate recitation of the elements

22  of this charge?

23          MR. McATEE:  Yes, Your Honor.

24          THE COURT:  Do you believe Mr. Remigio understands the

25  elements of the charge against him?

1        MR. McATEE:  Yes, Your Honor.

2        THE COURT:  So, Mr. Remigio, I understand you've

3 entered into a plea agreement with the Government.  Is that

4 correct?

5        THE DEFENDANT:  Yes, Your Honor.

6        THE COURT:  And do you have a copy in front of you?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE COURT:  Would you please turn to page 14.

9        MR. McATEE:  We're there, Your Honor.

10        THE COURT:  Mr. Remigio, do you see near the bottom of

11 that plea agreement on page 14 there's a line, below the line is

12 your typewritten name, and above it is a signature?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  Is that your signature?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  What's the date you signed this?

17        THE DEFENDANT:  8/12/24.

18        THE COURT:  Today's date?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  Before you signed this agreement, did you

21 review it in detail with Mr. McAtee?

22        THE DEFENDANT:  Yes, Your Honor.

23        THE COURT:  Do you understand all the terms of this

24 agreement?

25        THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  Do you have any questions about the plea

2 agreement that you reached with the Government?

3    THE DEFENDANT:  No, Your Honor.

4    THE COURT:  Mr. McAtee, is that your signature above

5 your name on page 15?

6    MR. McATEE:  Yes, Your Honor.

7    THE COURT:  Mr. Stone, who signed this agreement on

8 behalf of the Government?

9    MR. STONE:  I did, Your Honor.

10    THE COURT:  And that's your signature on page 15?

11    MR. STONE:  It is, Your Honor.

12    THE COURT:  Mr. McAtee, would you just state for the

13 record briefly the process by which you and your client reviewed

14 and then signed this?

15    MR. McATEE:  Yes.  We received this plea agreement

16 several weeks ago, and I took a copy down to Mr. Remigio at the

17 Muscatine County Jail.  Since that time we've had multiple

18 discussions in person going through each paragraph of the plea

19 agreement, and I answered any questions he might have had.

20   The last time we met at the jail was last Friday, three

21 days ago.  At that point there were several changes that we

22 thought should be made, and I had some conversation with

23 Mr. Stone this morning, and he made the changes, and that's why

24 it was signed today in court.

25    THE COURT:  And Mr. Remigio referenced some dyslexia at

1 the outset of this hearing.  Did you, in fact, essentially end

2 up reading it almost verbatim to him?

3            MR. McATEE:  Yes.  I would say for the most part, yes.

4            THE COURT:  Over the course of your meetings?

5            MR. McATEE:  Yes.

6            THE COURT:  Okay.  You heard all that, Mr. Remigio?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  And is all that true and correct?

9            THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  Okay.  Good.

11       So we need to talk now about the facts.  Would you please

12 turn to page 3.

13            MR. McATEE:  We're there, Your Honor.

14            THE COURT:  Mr. Remigio, do you see paragraph 7 in the

15 middle of page 3 is titled "Factual Basis"?

16            THE DEFENDANT:  Yes, Your Honor.

17            THE COURT:  And it contains subparagraphs (a)

18 through -- (a) and (b), which subparagraph (b) contains

19 subparagraphs a through d on pages 3 and 4.  Do you see all of

20 that?

21            THE DEFENDANT:  Yes, Your Honor.

22            THE COURT:  Okay.  Did you understand, Mr. Remigio,

23 when you signed this plea agreement, by signing it, you were

24 admitting all the facts in paragraph 7 and its subparagraphs

25 were true and correct?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  In fact, are all the facts in paragraph 7

3   and its subparagraphs true and correct?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Do you admit between April 16, 2022, and

6   November 15, 2022, you knowingly received images and videos

7   containing multiple depictions of child pornography?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  And when you received those visual

10  depictions, did you know that they were visual depictions of

11  minors engaging in sexually explicit conduct?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Did you receive those visual depictions by

14  your cell phone in interstate or foreign commerce?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Is that a black UMX U696CL cell phone?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Did you receive these at your residence in

19  Burlington, Iowa?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Mr. Stone, do you believe that I have

22  established an adequate factual basis for a guilty plea here?

23         MR. STONE:  Yes, Your Honor.

24         THE COURT:  Mr. McAtee, do you agree?

25         MR. McATEE:  Yes, Your Honor.

1          THE COURT:  And in this case, Mr. McAtee, have you had

2  full access to the Government's discovery?

3          MR. McATEE:  I have, Your Honor.

4          THE COURT:  Do you believe those materials support a

5  factual basis for a guilty plea here as well?

6          MR. McATEE:  Yes, Your Honor.

7          THE COURT:  Do you know of any possible defense to the

8  charge which you've not considered and -- charges which you've

9  not considered and discussed with Mr. Remigio?

10          MR. McATEE:  No, Your Honor.

11          THE COURT:  So, Mr. Remigio, you need to know that once

12  your guilty plea is accepted by Judge Locher, you'll have no

13  right to withdraw your guilty plea.

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Do you understand that?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Okay.  Mr. Stone, the plea agreement

18  indicates it's entered pursuant to, among other things, Rule

19  11(c)(1)(B).  Would you just state the 11(c)(1)(B) factor that's

20  the basis for that?

21          MR. STONE:  Yes, Your Honor.  In section D, per the

22  sentencing portion under paragraph 11, subparagraphs (d), (e),

23  (f), and (g) have been agreed to, Your Honor, by the parties for

24  sentencing guidelines purposes.

25          THE COURT:  Okay.  Is that correct?  Is that your

1    understanding, Mr. McAtee?

2            MR. McATEE:  Yes, Your Honor.

3            THE COURT:  Okay.  Very good.

4        So if you plead guilty today, Mr. Remigio, I will order

5    something called a presentence investigation.  That requires a

6    probation officer to conduct a thorough investigation of this

7    case and prepare a draft presentence report.  A copy of the

8    draft report will be sent to both of the attorneys.

9        When Mr. McAtee gets that report, you should go through it

10   with him carefully and tell him about mistakes you find or

11   important things you believe have been left out.  He will then

12   tell the probation officer about those things, and the report

13   can be revised, if necessary, to make sure it is complete and

14   accurate.

15       Once the report is finalized, it is sent to Judge Locher,

16   and you then have a sentence hearing.  At that hearing the

17   parties can present witnesses and exhibits on any sentencing

18   issue.

19       In addition, at that hearing, you have the right to speak

20   directly to Judge Locher to tell him anything you want him to

21   know as he makes his sentencing decision.  Although it is your

22   right to speak directly to him at that time if you want to, it

23   is also your right to choose not to say anything to him if you

24   do not want to.

25       Do you understand that?

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  Do you have any questions about the

3    sentencing procedure?

4            THE DEFENDANT:  No, Your Honor.

5            THE COURT:  You also need to know that both the draft

6    and final presentence reports are sealed documents.  You shall

7    not disclose any part of either report or their contents to

8    anyone other than your attorney.  If you do that, you can be

9    prosecuted for contempt of court.

10        Do you understand that as well?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Let's talk now about your rights to appeal

13   in this case, and I want you to please turn to page 12 of the

14   plea agreement.

15           MR. McATEE:  We're there, Your Honor.

16           THE COURT:  Mr. Remigio, generally, both you and the

17   Government have the right to appeal your conviction and sentence

18   to the Eighth Circuit Court of Appeals.  In your case, however,

19   as part of your plea agreement, you have waived many of your

20   rights to appeal, except under those limited circumstances set

21   forth in paragraph 28.

22        This paragraph provides you waive all rights to appeal your

23   conviction, including all motions, defenses, and objections you

24   could assert to the charge or the Court's entry of judgment

25   against you, except that both you and the Government reserve the

1  right to appeal any sentence imposed to the extent it is

2  authorized by law.

3      Do you understand that?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  This paragraph also provides that you will

6  waive all rights to contest your conviction and sentence in what

7  are called post-conviction proceedings, but you keep the right

8  to appeal or seek post-conviction relief based on grounds of

9  ineffective assistance of counsel or prosecutorial misconduct.

10     Do you understand that as well?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  To be clear, Mr. Remigio, do you have any

13  questions about the significant rights to appeal that you are

14  giving up and the limited rights to appeal that you are keeping

15  as part of this plea agreement?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  Mr. Remigio, has anyone forced or pressured

18  you to plead guilty or made promises to you to get you to plead

19  guilty, other than those promises in the plea agreement?

20         THE DEFENDANT:  No, Your Honor.

21         THE COURT:  Mr. McAtee, do you believe a guilty plea in

22  this case would be voluntary?

23         MR. McATEE:  Yes, Your Honor.

24         THE COURT:  Do you know of any legal reason why the

25  plea should not be accepted?

1          MR. McATEE: No, Your Honor.

2          THE COURT: Do you know of anything I may have omitted

3 that could affect the validity of this plea?

4          MR. McATEE: No, Your Honor.

5          THE COURT: Mr. Stone, do you know of anything I may

6 have omitted that could affect the validity of this plea?

7          MR. STONE: No, Your Honor.

8          THE COURT: So, Mr. Remigio, you and I have just gone

9 through a lot of information. I want to be sure you understand

10 all of it so that -- I do not want you to come back at any time

11 in the future and claim you were confused or that someone forced

12 you to do this, okay?

13          THE DEFENDANT: Okay.

14          THE COURT: So let's confirm: Have you been able to

15 understand absolutely everything we've talked about today?

16          THE DEFENDANT: Yes, Your Honor.

17          THE COURT: Do you have any questions about any of it?

18          THE DEFENDANT: No, Your Honor.

19          THE COURT: Has anyone forced or pressured you to plead

20 guilty?

21          THE DEFENDANT: No, Your Honor.

22          THE COURT: Is your guilty plea today voluntary and

23 your own decision?

24          THE DEFENDANT: Yes, Your Honor.

25          THE COURT: In that case, would you please stand.

1    Mr. Remigio, formally and for the record, how do you plead

2  to Count 1 of the indictment charging receipt of child

3  pornography in violation of Title 18, U.S. Code, Sections

4  2252A(a)(2) and 2252A(b)(1), guilty or not guilty?

5         THE DEFENDANT:  Guilty, Your Honor.

6         THE COURT:  The record should reflect the defendant,

7  David Remigio, has pled guilty to Count 1 of the indictment in

8  violation of the code sections I have just cited.

9    You may have a seat, sir.

10   Based on the record made today, my review of the materials

11 submitted in connection with this case, my observations of

12 Mr. Remigio in open court as he responded to my questions, I

13 find he is competent, he fully understands the charge against

14 him, there's a factual basis for his plea, he knows the minimum

15 and maximum punishment that may be imposed on this charge, and

16 he knows his jury rights and he has voluntarily waived those

17 rights.

18   I further find his decision to plead guilty is voluntary,

19 knowing, and not the result of any force, pressure, threats, or

20 promises, other than those promises made by the Government in

21 the plea agreement.

22   I therefore conclude Mr. Remigio should be found guilty

23 based upon his plea of guilty.  I also determine the

24 Government's established the requisite nexus between the offense

25 and property it seeks in forfeiture.

1    I'm signing and filing right now my report and

2  recommendation recommending that Judge Locher accept

3  Mr. Remigio's guilty plea.  Counsel will receive a copy of the

4  report.  The parties have 14 days to file objections.  If no

5  objection is made, Judge Locher may accept my recommendation and

6  Mr. Remigio's guilty plea by simply entering a written order

7  doing so.

8    I also order a presentence investigation.  The deadlines

9  for that report will be in an order to be issued by Judge

10  Locher's chambers.  The Government shall provide a written

11  statement of the offense conduct in this case on or before

12  August 26th to Probation and defense counsel.

13    Sentencing is set for December 19th, 2024, at 1 p.m.

14  December 19, 1 p.m.

15    Pursuant to the parties' agreement, the prior order of

16  detention remains in place.

17    Mr. Stone, anything further for the Government?

18         MR. STONE:  No, Your Honor.  Thank you.

19         THE COURT:  Mr. McAtee, anything further for

20  Mr. Remigio?

21         MR. McATEE:  No, Your Honor.  Thank you.

22         THE COURT:  Mr. Remigio, good luck.

23         THE DEFENDANT:  Thank you.

24         THE COURT:  We're adjourned.

25    (Proceedings concluded at 3:20 p.m.)

C E R T I F I C A T E

1

2     I, Kelli M. Mulcahy, a Certified Shorthand Reporter of the

3 State of Iowa and Federal Official Realtime Court Reporter in

4 and for the United States District Court for the Southern

5 District of Iowa, do hereby certify, pursuant to Title 28,

6 United States Code, Section 753, that the foregoing is a true

7 and correct transcript of the stenographically reported

8 proceedings held in the above-entitled matter and that the

9 transcript page format is in conformance with the regulations of

10 the Judicial Conference of the United States.

11     Dated at Des Moines, Iowa, this 11th day of April,

12 2025.

13

14

           Kelli M. Mulcahy, CSR, RDR, CRR

15            Federal Official Court Reporter

16

17

18

19

20

21

22

23

24

25